UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD DEAN ROBERTS,

       Plaintiff,

    v.

BERNARD PAIGE, DR. D. MORRIS, MS.
CHAPMAN, MR. JUSTICE, GLENN D.
WILSON, and WILLIAM EPLING,

       Defendants.

_____/

CASE NO. 2:10-CV-13743
JUDGE PAUL D. BORMAN
MAGISTRATE JUDGE PAUL KOMIVES

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS**
**(docket #29)**

I.   <u>RECOMMENDATION</u>: The Court should grant defendants' motion to dismiss.

II.  <u>REPORT</u>:

A.   *Background*

      Plaintiff Harold Dean Roberts commenced this action by filing a *pro se* civil rights complaint

pursuant to 42 U.S.C. § 1983 on September 20, 2010. Plaintiff filed an amended complaint October

4, 2010. Defendants are various employees of Community Programs, Inc. (CPI). Plaintiff alleges

that he was a client of CPI from August 30 through September 28, 2010, taking part in a 90-day

residential substance abuse program. During this time, he was a devout Muslim who attempted to

hide his faith due to public prejudice. *See* Amended Compl., ¶¶ 11, 13. Plaintiff alleges that

defendants terminated him from the CPI program as a result of his religious and political beliefs.

*See id.*, ¶¶ 13 n.1, 14-15, 19, 26. Plaintiff also alleges that prior to his termination he was restricted

from entering the medical complaint line. *See id.*, ¶ 17. Plaintiff alleges that defendants' actions

1

violated his First Amendment rights to free exercise of religion, free speech, and association; his

Fourteenth Amendment rights to equal protection and due process of law; his Eighth Amendment

right to be free from cruel and unusual punishment; and the equal protection and free exercise of

religion provisions of the Michigan constitution.

The matter is currently before the Court on defendants' motion to dismiss, filed on July 19,

2012.  Defendants contend that they are entitled to dismissal of plaintiff's federal constitutional

claims because plaintiff has failed to allege that they acted under color of state law.  Defendants'

also request that the Court decline to exercise supplemental jurisdiction over plaintiffs' state law

claims.  Plaintiff filed a response to the motion on September 5, 2012.

B.    *Legal Standard*

A motion to dismiss for failure to state a claim upon which relief can be granted is provided

for in FED. R. CIV. P. 12(b)(6).  In order for a court to dismiss a complaint for failure to state a claim,

it must appear beyond doubt that the party asserting the claim can prove no set of facts supporting

his claim that would entitle him to relief.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The

party asserting the claim is not required to specifically set out the facts upon which he or she bases

his claim.  *Id*. at 47.  Rather, "a short and plain statement of the claim" pursuant to FED. R. CIV. P.

8(a)(2) gives the opposing party fair notice of the claim and the grounds upon which it rests. *See*

*Conley*, 355 U.S. at 47.  However, as the Supreme Court has recently explained, bare legal

conclusions need not be accepted by the Court, and a pleading must contain sufficient factual

allegations to show that the allegations are plausible:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a
> "short and plain statement of the claim showing that the pleader is entitled to relief."
> As the Court held in [*Bell Atlantic Corp. v.*] *Twombly* , 550 U.S. 544 [(2007)], the
> pleading standard Rule 8 announces does not require "detailed factual allegations,"

2

but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*., at 557 (brackets omitted).

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (parallel citations omitted).

A court can only decide a Rule 12(b)(6) motion on the basis of the pleadings; if the court considers matters outside the pleadings, the court must convert the motion into one for summary

judgment under Rule 56. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001);

*Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). Notwithstanding this rule, Rule 10 provides

that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all

purposes." FED. R. CIV. P. 10(c). The Court may therefore consider any exhibits attached to the

complaint in deciding whether the complaint states a claim upon which relief may be granted. *See*

*Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004) (in deciding a motion to dismiss, the court

may consider "the allegations in the complaint, exhibits attached to the complaint, matters of public

record, and documents that form the basis of a claim."); *Realtek Indus., Inc. v. Nomura Secs.*, 939

F. Supp. 572, 575 n.1 (N.D. Ohio 1996).

C.    *Plaintiff's Federal Claims*

        Defendants contend that they are entitled to dismissal of plaintiff's federal claims because

he has failed to allege that they acted under color of state law. To state a viable § 1983 claim, a

plaintiff must allege that: (1) he was deprived of a right, privilege or immunity secured by the

Federal Constitution or the laws of the United States; and (2) the deprivation was caused by a person

while acting under color of state law. *Doe v. Wigginton*, 21 F.3d 733, 738 (6th Cir. 1994). Thus, in

order to state a claim under § 1983, a plaintiff must "demonstrate that the party charged with the

[constitutional] violation [is] a person who may fairly be said to be a state actor. This may be

because he is a state official, because he has acted together with or has obtained aid from state

officials, or because his [conduct] is otherwise chargeable to the state." *Lugar v. Edmondson Oil*

*Co.*, 457 U.S. 922, 937 (1982); *see also NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988); *Rendell-*

*Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Simescu v. Emmet County Dep't of Social Servs.*, 942 F.2d

372, 374 (6th Cir. 1991).

4

However, "[o]nly in rare circumstances can a private party be viewed as a 'state actor' for Section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). Where the defendants are not state officials, their conduct will be deemed to constitute state action only if it meets one of three narrow tests. The first is the symbiotic relationship test, or nexus test, in which the inquiry focuses on whether "the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 357-58 (1974). Second, the state compulsion test describes situations "in which the government has coerced or at least significantly encouraged the action alleged to violate the Constitution." *NBC v. Communications Workers of Am., AFL-CIO*, 860 F.2d 1022, 1026 (11th Cir. 1988); *accord Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170 (1970). Finally, the public function test covers private actors performing functions "traditionally the exclusive prerogative of the State." *Jackson*, 419 U.S. at 353; *accord West v. Atkins*, 487 U.S. 42, 49-50 (1988). *See generally, Lugar*, 457 U.S. at 936-39 (discussing three tests); *Lowe v. Aldridge*, 958 F.2d 1565, 1572 (11th Cir. 1992) (same); *Kerans v. Porter Paint Co., Inc.*, 656 F. Supp. 267, 269-70 (S.D. Ohio 1987) (same).

Here, plaintiff does not allege that defendants are state actors, nor does he allege any facts to state a plausible claim that defendants should be deemed state actors under any of the three tests discussed above. In his complaint, plaintiff alleges that "C.P.I. is a public and/or private entity established and organized under the laws of Michigan." Amended Compl., ¶ 7. He also, however, incorporates by reference and attaches to the complaint the CPI handbook, which expressly states that CPI "is a private, independent, not-for-profit program that is neither owned nor operated by any government agency." Amended Compl., Ex. 1, at 23. Plaintiff does not allege that CPI performs

5

functions "traditionally exclusively reserved to the States" under the public function test.  On the contrary, plaintiff alleges that CPI provides substance abuse counseling, an activity that cannot plausibly be deemed an exclusive state function.  Plaintiff's amended complaint contains no allegations that the State of Michigan coerced or significantly encouraged the activities of defendants.  Nor has plaintiff alleged any facts that suggest that CPI and the state had a symbiotic relationship such that the conduct of defendants should be deemed state action.

In his response, plaintiff asserts that "CPI's symbiotic relationship with the Michigan Department of Corrections is sufficient to create a relationship sufficient to join the parties as state actors." Pl.'s Resp., at 2.  Plaintiff contends that CPI "acts on behalf o[f] the Michigan Department of Corrections since the main body of people housed at CPI and its related facility are unquestionably state prisoners." *Id*.  Even if the assertions made by plaintiff in his response to defendants' motion could cure plaintiff's failure to properly allege sufficient facts in the body of his complaint, his assertions do not suffice to show that defendants were state actors.  His assertion that CPI provides substance abuse counseling under contract with the Michigan Department of Corrections, standing alone, is insufficient to demonstrate that CPI and its employees are state actors.  *See Edmond v. Clements*, ___ F. Supp. 2d ___, ___, 2012 WL 2523057, at *3 (D. Colo. June 29, 2012); *cf. Reguli v. Guffee*, 371 Fed. Appx. 590, 600-01 (6th Cir. 2010).  This is so even if CPI generates a substantial portion, or even all, of its income from such services to the State.  *See Rendell–Baker*, 457 U.S. at 841 (acts of private companies "do not become acts of the government by reason of their significant or even total engagement in performing public contracts.").  Because plaintiff has failed to allege sufficient facts to state a plausible claim that defendants were state actors, the Court should grant defendants' motion to dismiss.

D.     *Plaintiff's State Law Claims*

If the Court accepts the foregoing recommendation, the Court should also decline to exercise supplemental jurisdiction over plaintiff's state law claim.  Congress has provided for limited, supplemental jurisdiction over state law claims that are related to federal claims over which a court has original jurisdiction:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. . . .

28 U.S.C. § 1367(a).

However, Congress has also provided that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  In determining whether to exercise supplemental jurisdiction, courts should consider the following factors:  judicial economy, convenience, fairness to litigants, and comity.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also, Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  But, when "federal law claims are eliminated before trial, the balance of these factors will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994); *see also, Gibbs*, 383 U.S. at 726 ("if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well"); *Imagineering, Inc. v. Kiewit Pac. Co.*, 976 F.2d 1303, 1307 (9th Cir. 1992); *Morse v. University of Vermont*, 973 F.2d 122, 127-28 (2d Cir. 1992); *Reynolds v. Mercy Hosp.*, 861 F. Supp. 214 (W.D.N.Y. 1994); *Heller v. CACL Federal Credit Union*, 775 F. Supp. 839, 843 (E.D. Pa. 1991).

7

Thus, "federal courts, absent exceptional circumstances, should abstain from exercising [supplemental] jurisdiction when federal claims in a case can be disposed of by summary judgment." *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986). Accordingly, federal courts routinely decline to exercise supplemental jurisdiction over state law claims where the plaintiffs' federal civil rights claims are dismissed. *E.g., Martinez v. Colon*, 54 F.3d 980, 990-91 (1st Cir. 1995); *Rhyne v. Henderson County*, 973 F.2d 386, 395 (5th Cir. 1992); *Wynn v. Morgan*, 861 F. Supp. 622, 637 (E.D. Tenn. 1994); *Stera v. Hunt Real Estate Corp.*, 859 F. Supp. 661, 668 (W.D.N.Y 1994); *Mark v. Borough of Hatboro*, 856 F. Supp. 966, 976-77 (E.D. Pa. 1994), *aff'd*, 51 F.3d 1137 (3d Cir. 1995); *Wexley v. Michigan State Univ.*, 821 F. Supp. 479, 487 (W.D. Mich. 1993), *aff'd*, 25 F.3d 1052 (6th Cir. 1994); *Cruz v. City of Wilmington*, 814 F. Supp. 405, 413-14 (D. Del. 1993); *Lahaza v. Azeff*, 790 F. Supp. 88, 93-94 (E.D. Pa. 1992); *Procopio v. Johnson*, 785 F. Supp. 1317, 1320 (N.D. Ill. 1992), *aff'd*, 994 F.2d 325 (7th Cir. 1993). Here, as explained above, plaintiff's federal claims are all subject to dismissal, and thus the Court should decline to exercise supplemental jurisdiction over plaintiff's purported state law claim.

E.    *Conclusion*

In view of the foregoing, the Court should conclude that plaintiff has failed to state a claim upon which relief may be granted with respect to his federal claims because he has failed to allege that defendants' acted under color of state law. The Court should also decline to exercise supplemental jurisdiction over plaintiff's state law claim. Accordingly, the Court should grant defendants' motion to dismiss.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                    s/Paul J. Komives
                                    PAUL J. KOMIVES
                                    UNITED STATES MAGISTRATE JUDGE
Dated: 1/3/13


> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on January 3, 2013.
>
>                    s/Eddrey Butts
>                    Case Manager

9