UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD ROBERTS (#96167),

        Plaintiff,

                                CASE NO. 2:10-cv-13743
                                JUDGE PAUL D. BORMAN
                                MAGISTRATE JUDGE PAUL J. KOMIVES

    v.

BERNIE PAGE,
DR. D. MORRIS,
MS. CHAPMAN,
MR. JUSTICE,
MR. GLEN WILSON and
BILL EPLING,

        Defendant.

_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANTS MORRIS,
CHAPMAN AND JUSTICE**

**I.**     **RECOMMENDATION:** Plaintiff's claims against defendants Morris, Chapman and

Justice should be dismissed for plaintiff's failure to prosecute - namely, plaintiff's failure to fully

identify and provide correct addresses for these defendants.

**II.**     **REPORT:**

**A.**     **Background**

      On September 20, 2010, while residing at Community Programs, Inc. (CPI), 1255 N.

Oakland Blvd, Waterford, MI 48327, Roberts filed this prisoner civil rights complaint against

defendants Bernie Page, Dr. D. Morris, Ms. Chapman, Mr. Justice, Mr. Glen Wilson and Bill

Epling.  Doc. Ent. 1 at 1-4.

On October 4, 2010, while residing at 25010 Sherwood Circle, Southfield, MI 48075,[1]

Roberts filed an amended prisoner civil rights complaint against the same defendants.  Doc. Ent.

7 at 1-18.  Therein, defendants are described as employees of CPI (Doc. Ent. 7 ¶ 7) and the facts

underlying the complaint appear to concern Roberts's alleged termination from the CPI program

on or about September 28, 2010.  *See* Doc. Ent. 7 ¶¶ 9-26.  Roberts alleges claims based upon (I)

First Amendment - free exercise, ¶¶ 27-31; (II) First Amendment - freedom of speech, ¶¶ 32-33;

(III) First Amendment - freedom of expressive association, ¶¶ 34-35; (IV) Fourteenth

Amendment - equal protection, ¶¶ 36-38; (V) Fourteenth Amendment - due process, ¶¶ 39-42;

(VI) religious discrimination/equal protection under the Michigan Constitution, ¶¶ 43-45; (VII)

free exercise under the Michigan Constitution, ¶¶ 46-49; and (VIII) Eighth Amendment -

medical care, ¶¶ 50-53.[2]

Judge Borman has referred this case for pretrial matters.  Doc. Entries 6 & 23.

**B.     Defendants Epling, Paige and Wilson have appeared and sought dismissal.**

At this point, the only defendants who have appeared are William Epling, Bernard Paige

and Glenn Wilson.  *See* Doc. Entries 28, 29 & 30.

On July 19, 2012, Epling, Paige and Wilson filed a motion to dismiss.  Doc. Ent. 29.  On

January 3, 2013, I entered a report (Doc. Ent. 40) recommending that the Court grant defendants'

motion to dismiss (Doc. Ent. 29).  On January 22, 2013, while residing at 25010 Sherwood

Circle, plaintiff filed a response (Doc. Ent. 41) to my report and recommendation (Doc. Ent. 40).

---

[1]On September 29, 2010, plaintiff filed a notice of address change reflecting this address. Doc. Ent. 5.

[2]Attached to this complaint is a Community Programs, Inc. Client Handbook (Doc. Ent. 7 at 20-50).

This matter is currently pending before Judge Borman.

**C.    Defendants Morris, Chapman and Justice have not appeared, nor does it appear that they have been served.**

Attempted service upon defendants Morris, Chapman and Justice has not been without this Court's effort. *For example, on October 6, 2010, Magistrate Judge Whalen entered an order (Doc. Ent. 10) directing service without prepayment of costs and authorizing the United States Marshal to collect costs after service is made.*

*Then, on January 19, 2011, Magistrate Judge Morgan entered an order requiring plaintiff to provide correct addresses for each of the six (6) defendants.  Doc. Ent. 14.*  On February 11, 2011, plaintiff filed a response in which he listed each defendant's address as 43825 Michigan Ave., Canton, MI 48188.  Doc. Ent. 15.[3]  *On February 24, 2011, Magistrate Judge Morgan entered an order directing re-service of plaintiff's amended complaint (Doc. Ent. 7).  Doc. Ent. 16.*  This order also directed the Michigan Department of Corrections (MDOC) to provide the U.S. Marshal Service with the address for any current or former employee listed upon whom service had not been effected.

On March 4, 2011, the U.S. Marshal acknowledged receipt of six (6) sets of documents for service of process and attempted service on defendants by mail.  Doc. Ent. 17.  However, on March 7, 2011, the Court was informed that Morris, Chapman and Justice were unable to be identified.[4]

---

[3]Although plaintiff's filing does not so indicate, the Court notes that this address is attributable to the Oakdale Recovery Center.  *See* www.oakdalerecoverycenter.net.

[4]On March 11, 2011, this case was reassigned from Magistrate Judge Morgan to me. Doc. Ent. 18.

Then, on May 9, 2011, the U.S. Marshal requested entry of orders directing service as to several of the defendants, including Morris, Chapman and Justice, pursuant to Administrative Order 09-AO-043.  **On June 29, 2011, I entered an order directing re-service of plaintiff's amended complaint.**  This order also required the MDOC to provide to the U.S. Marshal Service the address for any current or former employee listed above upon whom service had not been effected.  Doc. Ent. 19.

**Then, on February 1, 2012, I entered a second order to provide correct addresses for defendants, specifically Page, Wilson and Epling.**  Doc. Ent. 20.  My order expressly required plaintiff to provide the Court with the correct name, title, and address of the above-named defendants, and a copy of the amended complaint for each defendant so that service could again be processed.  My order further required plaintiff to provide this information to the Court in writing including copies of the amended complaint no later than February 27, 2012, otherwise, it would be recommended that these parties be dismissed for lack of prosecution.  Doc. Ent. 20.[5]

On April 6, 2012, plaintiff filed a notice that his address had changed to 25010 Sherwood Circle, Southfield, Michigan 48075.  Doc. Ent. 27.  **Finally, on November 8, 2012, I entered an order requiring plaintiff to fully identify and provide correct addresses for defendants Morris, Chapman and Justice.  Doc. Ent. 39.**

---

[5]On February 8, 2012, plaintiff filed a motion (Doc. Ent. 21) for an extension of time within which to provide addresses for Paige, Wilson and Epling.  On February 22, 2012, plaintiff provided the Court with addresses for Paige, Wilson and Epling (Doc. Ent. 22 at 1-9), along with a copy of the October 4, 2010 amended complaint (Doc. Ent. 22 at 10-50, Doc. Ent. 22-1 at 1-10 / Doc. Ent. 7 at 1-50).

**On March 23, 2012, I entered an order (Doc. Ent. 24) granting plaintiff's February 8, 2012 motion for extension of time (Doc. Ent. 21) and directing the U.S. Marshal to effect service of the October 4, 2010 amended complaint (Doc. Ent. 7) upon Paige, Wilson and Epling.**  As noted above, Paige, Wilson and Epling appeared on July 19, 2012.  Doc. Ent. 28.

4

Since that time, the only matters filed in this case have been **(a)** my January 3, 2013 report and recommendation (Doc. Ent. 40) regarding Wilson, Epling and Paige's motion to dismiss (Doc. Ent. 29) and **(b)** plaintiff's January 22, 2013 response (Doc. Ent. 41) to my report and recommendation (Doc. Ent. 40).  Furthermore, plaintiff's January 22, 2013 filing (Doc. Ent. 41) sheds no light on the identities of Morris, Chapman and Justice or their contact information; it simply requests an opportunity to amend his complaint.  *See* Doc. Ent. 41 at 1-2.

## III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address

specifically, and in the same order raised, each issue contained within the objections.

  s/ Paul J Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated:  9/12/13

**CERTIFICATION OF SERVICE**

    I hereby certify that a copy of the foregoing Order was served by electronic means or U.S. Mail to Counsel of Record and/or Pro Se Parties  on September 12, 2013.

   s/   Carol J. Bethel
Case Manager

6