UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD ROBERTS (#96167),

        Plaintiff,

                                        Case No. 10-cv-13743

v.

                                        Paul D. Borman
                                        United States District Judge

BERNARD PAIGE, D. D. MORRIS,
MS. CHAPMAN, MR. JUSTICE                    
D. WILSON and WILLIAM EPLING          Paul J. Komives
                                        United States Magistrate Judge

                Defendants.
_____/

## OPINION AND ORDER (1) DENYING PLAINTIFF'S OBJECTION (Dkt. No. 41) AND (2) ADOPTING THE REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS (Dkt. No. 40)

      Before the Court is Magistrate Judge Paul J. Komives' Report and Recommendation granting Defendants Bernard Paige, William Epling and Glenn Wilson's Motion for Dismissal (Dkt. No. 40). For the reasons that follow, the Court the DENIES Plaintiff's Objections and ADOPTS the Magistrate Judge's Report and Recommendation (Dkt. No. 40).

### I. BACKGROUND

      On September 20, 2010, Plaintiff Harold Dean Roberts ("Plaintiff") filed this pro se action pursuant to 42 U.S.C. § 1983 against various employees of Community Programs, Inc ("CPI"). Plaintiff then filed an Amended Complaint on October 4, 2010 (Dkt. No. 7).

      Plaintiff alleges that he was a client of CPI from August 30, 2010 until September 28, 2010. Plaintiff states he was a devout and practicing Muslim who attempted to "hide his faith due to public prejudice." (Am. Comp. ¶¶ 11-13). Plaintiff claims he was terminated from CPI's program because of his religious beliefs and he was also restricted from entering the medical complaint line. (Am.

Compl. ¶¶ 13 n.1, 14-15, 17, 19, 26).  Plaintiff claims that these actions violated his First Amendment rights to free exercise of religion, free speech, and association; his Fourteenth Amendment rights to equal protection and due process; his Eight Amendment right to be free from cruel and unusual punishment, and the equal protection and free exercise of religion provisions of the Michigan Constitution.

## II.  STANDARD OF REVIEW

When a party objects to a portion of a Magistrate Judge's report and recommendation, the Court must review that portion *de novo*.  Fed. R. Civ. P. 72(b).

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal where a complaint fails "to state a claim upon which relief can be granted."  This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id*. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must "permit the court to infer more than a mere possibility of misconduct[.]"  *Id*. at 1950.

## III.  ANALYSIS

Plaintiff argues that the Magistrate Judge erred in dismissing his federal claims against Defendants because he was not given the opportunity to amend his deficient complaint.  Plaintiff argues that pro se litigants should be provided an opportunity to amend a deficient complaint before

it is dismissed by the Court.[1]

First, the Court notes Plaintiff amended his complaint once by right before any responsive pleading was filed in this case. (Dkt. No. 4, Motion to Amend; Dkt. No. 7, Amended Complaint; Dkt. 13 at 1-2, Order granting the Motion to Amend pursuant to Fed. R. Civ. P. 15(a)). Therefore, Plaintiff can now only amend with the other party's consent or with leave of the court. FED. R. CIV. P. 15(a)(2). Leave to amend must be freely given when justice so requires. *Id*. However, leave to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995).

In the present case, Plaintiff failed to properly seek to amend his complaint after Defendants filed their motion to dismiss. Plaintiff has also not filed a proper motion to amend in the intervening months since the Report and Recommendation held Defendant's motion to dismiss should be granted. Indeed, Plaintiff has only improperly requested that he be allowed to amend his complaint in his response to Defendant's motion to dismiss.

Plaintiff argues his status as a pro se litigant guarantees another chance to amend his complaint. In his response to Defendant's Motion to Dismiss, Plaintiff relied up *Neitzek v. Williams*, 490 U.S. 319 (1989) to claim he was entitled to amend his complaint. In *Neizek*, the Supreme Court held that a complaint "filed *in forma pauperis* is not automatically frivolous within the meaning of [28 U.S.C.] § 1915(d) because it fails to state a claim." *Id*. at 331. Unlike the present case, in *Neizek*, the Supreme Court was examining whether the lower court had erred by *sua sponte*

---

[1] The Court notes that Plaintiff has not made any objection to the legal reasoning in the Report and Recommendation or the conclusion that his previous Amended Complaint fails to set forth any claims pursuant to 42 U.S.C. § 1983.

dismissing a pro se complaint filed under the *in forma pauperis* statute.  Here, Plaintiff's Amended Complaint was not dismissed *sua sponte* and Plaintiff had already amended his complaint prior to Defendants' Motion to Dismiss was filed.  Similarly, Plaintiff's reliance on a line of factually distinguishable cases from other districts in his objection to the Report and Recommendation are misplaced.

In *Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794 (2d Cir. 1999), the Second Circuit evaluated a pro se action and held that "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim" the litigant should be allowed to amend his complaint prior to its dismissal for failure to state a claim.  *Id.* at 796. However, this decision was abrogated by the recent Supreme Court case *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  *See Solomon v. Hum. Serv. Coalition of Tompkins County*, 2011 WL 2160883, at *3 n. 9 (N.D.NY May, 27 2011) (recognizing abrogation).  Indeed, all of Plaintiffs case law pre-dates the Supreme Court's decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) which set forth that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements. . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Further, the majority of the cases Plaintiff relies upon involve (1) specific situations arising under and applying standards of the Prison Litigation Reform Act, 42 U.S.C. § 1997 *et seq*., which are inapplicable in the present circumstances; or (2) the *sua sponte* dismissal of a pro se litigant's complaint. *See Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004) (holding a district court abused its discretion when it denied a prisoner's motion to amend that was filed before any responsive pleading and when the PLRA did not preclude amendment); *Lopez v. Smith*, 203 F.3d 1122, 1130

4

(9th Cir. 2000) (*en banc*) (examining the issue of whether § 1915(e)(2) allowed a court to dismiss a prisoner's *in forma pauperis* complaint with leave to amend in light of the statute's "shall dismiss" language.); *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000) (examining the dismissal of prisoner's case without leave to amend pursuant to § 1997e(c)(1) and specifically limiting its holding to "the dismissal on motion of a complaint in a non-in-forma-pauperis case."); *Bazrowx v. Scott*, 136 F.3d 1053 (5th Cir. 1998) (case dismissed *sua sponte* by district court before any responsive pleadings were filed). In the present case, Plaintiff's *amended* complaint was dismissed *after* Defendants' motion to dismiss was granted.

Further, Plaintiff fails to set forth any facts or arguments in his Objection that could cure his Amended Complaint of its deficiencies. Plaintiff appears to argue in his Response to Defendants' Motion to Dismiss that CPI and the Michigan Department of Corrections have a "symbiotic relationship" based on the fact that the "main body" of CPI's clientele are prisoners. (Dkt. No. 37 at 2). However, this argument cannot cure Plaintiff's deficient claims under 42 U.S.C. § 1983. The Supreme Court has explained that the fact that "virtually all" of a private company's income is derived from government funding or contracts does not transform a private company's acts into those of the State. *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982); *Wolotsky v. Huhn*, 960 F.2d 1331, 1336 (6th Cir. 1992) (finding that a private non-profit corporation that provided mental health services to the community was not a state actor under the symbiotic relationship test when it received a "significant" portion of its funding from the government.). Therefore, to the extent Plaintiff could argue his Response to Defendants' Motion to Dismiss contained a motion to amend, the Court finds the amendment would be futile as Plaintiff has still failed to pled sufficient facts such that the named defendants could be found to be state actors pursuant to 42 U.S.C. § 1983.

5

Under these circumstances, the Court finds that Plaintiff's objection to the Report and Recommendation is without merit and Plaintiff is not entitled to amend his Amended Complaint.

### IV.  CONCLUSION

For the reasons stated above, the Court will DENY Plaintiff's Response to the Magistrate's Report and Recommendation.  The Court will also ADOPT the Report and Recommendation granting Defendants' Motion to Dismiss.


**IT IS SO ORDERED.**


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 27, 2013



CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 27, 2013.


s/Deborah Tofil
Case Manager